## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SYLVESTER SULLIVAN (#494316)**                                **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**                                        **NO. 19-111-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 22, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER SULLIVAN (#494316)                          CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                                 NO. 19-111-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Doc. 6, 7. There is no need for oral argument or for an evidentiary hearing.

On January 20, 2019 the *pro se* petitioner, an inmate confined at Elayn Hunt Correctional Center in St. Gabriel, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2010 criminal conviction and sentence pursuant to a guilty plea entered in the Twenty Third Judicial District Court for the Parish of Ascension, State of Louisiana, on one count of manslaughter. The petitioner asserts that he received ineffective assistance of counsel and he pled guilty solely because his counsel promised he would receive a sentence of 15 to 20 years imprisonment. The petitioner also asserts that the state court judge abused her discretion when she denied the petitioner's request to withdraw his guilty plea prior to sentencing.

### Procedural History

On January 26, 2010 the petitioner pled guilty to one count of manslaughter and was sentenced to 35 years at hard labor without the possibility of parole, probation, or suspension of sentence. The petitioner filed a direct appeal with the Louisiana First Circuit Court of Appeal ("First Circuit"), arguing as his sole assignment of error that he received an excessive sentence.

1

The First Circuit affirmed the petitioner's conviction and sentence on December 21, 2012. The petitioner did not seek further review with the Louisiana Supreme Court.[1]

On November 13, 2013 the petitioner filed an application for post-conviction relief ("PCR") *pro se* with the Twenty Third Judicial District Court. On February 11, 2015, attorney Anthony T. Marshall enrolled as counsel for the petitioner. The application was denied without an evidentiary hearing on August 27, 2015. The petitioner's counsel subsequently filed a Motion for Reconsideration and requested an evidentiary hearing. An evidentiary hearing was held on February 16, 2016. The trial court heard testimony, made findings of fact, and denied the petitioner's application.

The petitioner's counsel filed a Notice of Appeal on March 17, 2016. On June 17, 2016 the First Circuit dismissed the petitioner's appeal as procedurally improper. The First Circuit directed the petitioner to refile a supervisory writ application within 30 days and advised the petitioner that the order would serve in lieu of a return date from the trial court. The petitioner's counsel failed to refile a supervisory writ application within 30 days (July 17, 2016). However, the petitioner's counsel filed a motion with the trial court for an extension of the return date on the grounds that the First Circuit sent the order to the wrong email address. The trial court granted the return date extension until October 8, 2016. The petitioner's counsel refiled the writ application on October 7, 2016. The First Circuit denied the writ application on December 28, 2016.

---

[1] The petitioner's habeas application indicates that he did file an appeal with the Louisiana Supreme Court (R. Doc. 1, p. 2). However, he was unable to identify the docket number or date of the ruling. The respondents assert that the petitioner did not file a writ application with the Louisiana Supreme Court. The state court record did not include any Louisiana Supreme Court proceedings. The Court was unable to locate any evidence that a Louisiana Supreme Court writ application had been filed by petitioner or on petitioner's behalf on direct appeal.

On September 21, 2017 the petitioner filed a *pro se* writ application with the Louisiana Supreme Court. He included a letter to the Justices of the Louisiana Supreme Court requesting out-of-time consideration of his writ application.[2] The petitioner explained that he had retained attorney Anthony T. Marshall to file a writ application on his behalf. According to the letter, the petitioner was assured by Marshall that a writ application had been filed at the Louisiana Supreme Court, however Marshall would not provide the petitioner with a copy. The petitioner provided the Louisiana Supreme Court with a letter showing that he wrote the Louisiana Supreme Court, which wrote back on March 16, 2017 and confirmed that no writ application had been filed.[3] The petitioner's letter to the Justices then states that he was again assured by Marshall that an application had in fact been filed. The petitioner also provided the Louisiana Supreme Court with a letter showing he wrote to the Louisiana Supreme Court again. He received a second response on June 13, 2017, again confirming that no brief had been filed.[4]

The petitioner attached documents to his habeas petition indicating he filed a complaint with the Louisiana Disciplinary Counsel against Anthony T. Marshall. One of those documents is a letter from Marshall to the Louisiana Disciplinary Board wherein Marshall states that he filed a brief on the petitioner's behalf with the Louisiana Supreme Court.[5] Marshall was suspended from the practice of law on an interim basis by the Louisiana Supreme Court on October 18, 2017 and was transferred to disability/inactive status on May 11, 2018.[6] The Louisiana Supreme Court denied the petitioner's writ application on the merits on December 17, 2018 without mention of timeliness.

---

[2] R. Doc. 1-3, p. 48-49.
[3] R. Doc. 1-3, p. 50.
[4] R. Doc. 1-3, p. 51.
[5] R. Doc. 1-3, p. 53.
[6] Anthony T. Marshall was also suspended from practicing in the Middle District of Louisiana for 60 days on January 6, 2016. *In re Marshall*, 2016 WL 81484 (Md. La. Jan. 6, 2016).

3

The petitioner filed the instant petition for habeas corpus relief on January 20, 2019 claiming, (1) he received ineffective assistance of counsel because his trial counsel promised he would receive a sentence of 15-20 years if he plead guilty, and (2) the trial court abused its discretion in denying his request to withdraw his guilty plea prior to sentencing.

**Timeliness**

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

The respondents argue that the petitioner's application is untimely. The respondents provide a detailed time calculation, but the crux of their argument is that the petitioner failed to refile his post-conviction writ application with the First Circuit within the 30-day deadline provided in the June 17, 2016 order denying the petitioner's appeal. The respondents contend that the statute of limitations remained untolled from the time the First Circuit dismissed the petitioner's appeal on June 17, 2016 until the petitioner filed his *pro se* writ application with the Louisiana Supreme Court on November 13, 2017, which alone exceeds the 365-day statute of limitations.[7]

However, precedent indicates that the contested timeframe is tolled. The recent Fifth Circuit opinion in *Leonard v. Deville*, 960 F.3d 164, 170 (5th Cir. 2020) discussed the impact of an implicit extension of the return date by the trial court. "[I]f the trial court 'impliedly' extends the 30-day period for seeking review in response to a prisoner's motion, then the prisoner's seeking a writ within the extended time suffices to keep his post-conviction process 'pending' under § 2244(d)(2)." *Id., citing Grillette v. Warden, Winn Corr. Ctr.,* 372 F.3d 765, 771-71 (5th Cir. 2004). The appellate court in *Leonard* granted the petitioner an extension of time in which to refile his writ application and the petitioner complied. The court noted that "if a prisoner receives extra time to seek review of the denial of his initial habeas application (and does so), then that application remains "pending." *Leonard*, 960 F.3d at 173.

Here, the trial court extended the petitioner's return date until October 8, 2016. He refiled his writ application on October 7, 2016. *Leonard's* language suggests that the petitioner's application to the First Circuit remained pending due to the trial court's extension of the return date.

---

[7] The record reflects that the petitioner's brief was lodged with the Louisiana Supreme Court on September 21, 2017 (R. Doc. 3-1, p. 59).

5

Furthermore, *Grillette* also notes that Louisiana appellate courts routinely indicate when the denial of an application is based on untimeliness. *Id.* at 775. Here, the petitioner refiled his application within the extension deadline set by the trial court and the First Circuit did not indicate that it rejected the petitioner's writ application as untimely. Accordingly, the petitioner's PCR remained "pending" because he refiled his writ application within the trial court's implicit extension of the return date, even if the extension was procedurally improper.

The petitioner concedes that his brief to the Louisiana Supreme Court was untimely but contends that it should be excused because his attorney deceived him into believing that a brief had been filed. A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408 (2005). An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. *United States v. Wynn,* 292 F.3d 226, 230–31 (5th Cir. 2002).

The petitioner contends that his attorney deceived him when he advised him that a brief had been filed with the Louisiana Supreme Court. The petitioner first checked the truthfulness of his attorney's statement in March of 2017, approximately a month and a half after his writ application would have been due.[8] After another assurance from his attorney, the petitioner again sought verification and received a second letter from the Louisiana Supreme Court in June of 2017 confirming that no brief had been filed. The petitioner provided the Court with a signed letter from Anthony T. Marshall to the Louisiana Disciplinary Counsel wherein Marshall

---

[8] The First Circuit denied petitioner's writ application on December 28, 2016, creating a thirty-day deadline of January 27, 2017. The first letter from the Louisiana Supreme Court to the petitioner is dated March 16, 2017, which is 48 days after the deadline.

6

represents that he filed a brief with the Louisiana Supreme Court on behalf of the petitioner. The letters from the Louisiana Supreme Court directly contradict this statement. The evidence produced by the petitioner indicates he was deceived by his attorney into believing that a brief had been filed on his behalf at the Louisiana Supreme Court and that the petitioner reasonably relied upon his attorney's misrepresentation. The record also reflects that the petitioner acted with prompt diligence when he suspected his attorney's deception by seeking verification with the Louisiana Supreme Court and again acted promptly by filing his own brief when he received confirmation he had been deceived. Accordingly, equitable tolling applies to the petitioner's late-filed brief with the Louisiana Supreme Court.

*Leonard v. Deville* and § 2244(d)(2) direct a conclusion that the entire time petitioner's post-conviction application was pending at the First Circuit is tolled. Furthermore, the record sufficiently establishes that the petitioner's attorney's deceit qualifies his late filing at the Louisiana Supreme Court for equitable tolling. Applying these tolling principles to the petitioner's application, his application is timely.

The First Circuit affirmed the petitioner's conviction on direct appeal on December 21, 2012. As the petitioner did not seek any further review, his conviction became final on January 20, 2013, upon the passage of time for the petitioner to seek appeal to the Louisiana Supreme Court (30 days). 297 untolled days passed until the petitioner filed his application for post-conviction review with the Twenty Third Judicial District Court on November 13, 2013. As discussed above, the petitioner's PCR application remained pending and tolled until the Louisiana Supreme Court issued its writ denial on December 17, 2018. An additional 34 untolled days passed until the petitioner filed the instant petition, resulting in a total of 331 untolled days. As less than a year elapsed during which the petitioner did not have any properly filed

7

applications for post-conviction or other collateral review pending before the state courts, the petitioner's application is timely.

## Procedural Default

The respondents argue that the petitioner's Claim 2, that the trial court abused its discretion in failing to allow him to withdraw his guilty plea prior to sentencing, is procedurally defaulted. The Louisiana Supreme Court denied this claim as procedurally barred under Louisiana Code of Criminal Procedure Article 930.4(C).[9] When a state court decision to deny post-conviction relief rests on a state procedural basis that is independent of the federal questions raised by the petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of the Petitioner's federal claims. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Moore v. Roberts,* 83 F.3d 699, 701 (5th Cir.1996). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman v. Thompson, supra,* 501 U.S. at 729–730. The basis for the application of the doctrine is grounded in concerns of comity and federalism and is related to the requirement that a habeas petitioner first provide the state courts with an opportunity to address and correct violations of a prisoner's federal rights:

> [A] habeas petitioner who has failed to meet the states' procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.... In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

---

[9] R.Doc. 8-6, p.1.

8

>  *Id.* at 731–32.

For the independent and adequate state ground doctrine to apply, the state court adjudication of a habeas petitioner's claim must have been, as here, explicitly based on a state procedural rule. *Moore v. Roberts, supra,* 83 F.3d at 702. The petitioner can rebut this presumption only by establishing that the procedural rule is not "strictly or regularly followed" or, notwithstanding, by (1) demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." *Id. See also Coleman v. Thompson, supra,* 501 U.S. at 750.

Article 930.4 (C) of the Louisiana Code of Criminal Procedure has been found to be an independent and adequate state ground sufficient to bar federal habeas review. *See, e.g., Mathieu v. Tanner,* 2014 WL 5465854, *11 (E.D. La. Oct. 28, 2014); *Basco v. Goodwin*, 2013 WL 1628375, at *10 (E.D. La. Mar. 14, 2013) (finding Article 930.4(C) independent and adequate for denying review of an improperly raised post-conviction claim); *Simmons v. Cain*, No. 06–2130, 2008 WL 2185422, at *6 (E.D. La. May 20, 2008) (finding Article 930.4(C) independent and adequate to bar trial errors raised on post-conviction that were not raised at trial or on appeal); *Monroe v. Cain*, No. 05–0929, 2006 WL 5507856, at *8 (E.D. La. Oct. 17, 2006) (finding Article 930.4(C) independent and adequate to bar prosecutorial misconduct claims and others not raised at trial or on appeal), *adopted as modified on other grounds by Monroe v. Cain*, No. 05–0929, 2008 WL 818968, at *1 (E.D. La. Mar. 24, 2008); *Washington v. Cain,* 2000 WL 863980, at *4 (E.D. La. Jun.27, 2000).

The petitioner has failed to show the necessary cause and prejudice to overcome the procedural bar. To establish "cause," the petitioner must show that some objective factor external

9

to the defense prevented him from timely raising his claim in state court. *See Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir.1992). To establish prejudice, the petitioner must show, "not merely that the [asserted] errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982) (Emphasis in original).

Neither "cause" nor "prejudice" is present in the instant case that would support this Court's disregard of his procedural default. Further, to demonstrate that a failure to consider the claim will result in a "fundamental miscarriage of justice," a habeas petitioner must show, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 645 (5th Cir.1999). To establish such actual innocence, the petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* In the absence of any such showing, the Court is precluded from a consideration of the referenced claim. Accordingly, Claim 2 is procedurally barred and the Court will only consider Claim 1 on the merits.

## Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relief is authorized if a state court has arrived at a

conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id*. *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Factual Background**

The facts, as accurately summarized in the decision of the Louisiana First Circuit Court of Appeal are as follows: After the jury trial commenced, but before any evidence or testimony was presented, the petitioner informed the trial court that he wished to accept the district attorney's offer to plead guilty to manslaughter, with a presentence investigation report (PSI) and no multiple offender bill. Though the facts were not fully developed, the following account of the crime was established at the *Boykin* examination and the sentencing hearing, as well as from review of the investigative report prepared by the Assumption Parish Sheriff's Office (APSO), which was included in the record. During the daytime on July 12, 2007, the petitioner was seen walking with the victim, Jimmy Ross Phillips, in Donaldsonville, Louisiana. Moments later,

11

people nearby heard gunshots. A witness then observed the petitioner placing the victim, who was limp, into the trunk of his blue Chevrolet Caprice before driving away. Soon after the petitioner left the area, his mother called the APSO to report that her son's car, which was registered in her name, had been stolen. When APSO detectives examined the area where Phillips had allegedly been shot, they found a spent 9mm casing, blood, human tissue, and a pair of dark slippers that belonged to Phillips. They also observed car tire tracks leaving the area. Phillips's body, wrapped in a blanket, was found two days later near the Mississippi River, by the Sunshine Bridge. Shortly after the shooting, an APSO deputy had observed a blue Chevrolet Caprice traveling towards the area where the victim's body was found, and the driver was described as having similar features to the petitioner. An autopsy indicated that Phillips died from a single gunshot wound to the head. *State v. Sullivan,* 2012 WL 6681818, 2012-0709 (La. App. 1 Cir. 12/21/12).

**Substantive Review**

In Claim 1, the petitioner contends that he received ineffective assistance of counsel because his attorney promised that he would receive sentence of 15-20 years if he pled guilty to manslaughter. The petitioner asserted this claim in his application for post-conviction review. The trial court held an evidentiary hearing on February 16, 2016. The petitioner's mother, Joyce Millien, his father, Sylvester Sullivan, Sr., and his trial counsel, Susan Jones, testified at the hearing.

The petitioner's parents were present during plea bargain discussions between the petitioner's trial counsel, Susan Jones, and the petitioner. Joyce Millien testified that she believed that Susan Jones was not ready for trial, Susan Jones told the petitioner she could "probably" get

12

the petitioner a sentence of 10-15 years, and the family encouraged the petitioner to plead guilty.[10] The petitioner's father, Sylvester Sullivan, Sr., testified that on the day of trial Susan Jones said she was not ready for trial, told the petitioner the sentence range for manslaughter, guaranteed he would not get the maximum sentence of 40 years, and said he was "looking at 10-15 years." Sullivan, Sr. also testified that Jones did not guarantee the petitioner would receive a sentence of 10-15 years.[11] Susan Jones testified that the prosecution offered a plea to the petitioner for the first time on the first day of trial. Jones testified that she provided the petitioner with the sentencing range for manslaughter and that she believed he would not get the maximum, but she does not recall giving him a specific number. Jones testified that she believed he would be sentenced to much less than 40 years and was "shocked" when he received 35 years. Jones also testified that she believed that she did not make any specific promises to the petitioner.[12]

At the close of the testimony the trial court ruled from the bench, making specific findings of fact:

> A review of the Boykin form in the matter demonstrated that the defendant was of sufficient intelligence to understand his rights. He was 27 years old at the time of the plea and had a 9th grade education. He was able to read and write the English language. The Boykin clearly stated, "Your counsel and the district attorney have conducted plea bargaining relative to your case and agreed upon a Presentence Investigation, sentencing will be deferred pending the information received from this report." At no time did the defendant interject and state that he had been promised a sentence of 10 to 15 years or that his attorney was not prepared and that he felt forced to accept the plea offer. As a matter of fact, Mr. Sullivan responded, "no" when asked, "Have you been promised anything by anyone in order to get you to plead guilty other than this plea agreement?" He also responded "no" to the question of, "Has anyone threatened, coerced, beat you, or done anything else to persuade you to plead guilty?" The colloquy ended with the Court stating that "sentencing would be deferred pending recommendation received from a Presentence Investigation."

---

[10] R. Doc. 8-4, p. 108-111.
[11] R. Doc. 8-4, p. 112-115.
[12] R. Doc. 8-4, p. 117-124.

>On July 21, 2010, Ms. Jones filed a Motion to Reconsider Sentence. She succinctly set forth numerous grounds upon which she based her motion. The motion was subsequently argued and denied, and again, the record is void of any representations that Mr. Sullivan had been promised a sentence of 10 to 15 years. To the contrary, the Boykin was perfectly clear that the sentence would be based on recommendations contained in the report of Presentence Investigation.
>
>Today, the testimony that I've heard further indicates that Mr. Sullivan was not promised a sentence of 10 to 15 years, that his plea was voluntarily entered, that it was knowingly entered, that it was intelligently entered. There is no doubt that Ms. Jones told him, "This is a better deal than possibly getting life," and that she told him that he would get no more than 40. And she says by her own representations that she thought it would be less than 40. However, there has been no evidence presented to this Court to demonstrate that a promise of 10 to 15 years was made to Mr. Sullivan and that affected or induced him to plead. As such, the motion is denied.[13]

Under the AEDPA, this Court must defer to that state-court finding unless petitioner demonstrates that it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, such state-court factual findings are presumed to be correct, and petitioner may be granted relief only if he rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Whitlock v. Dretke*, 129 Fed. App'x 880, 881 (5th Cir. 2005) ("This presumption of correctness applies to explicit and implicit findings of fact which are necessary to the state court's conclusions of mixed law and fact and to the state court's credibility determinations."). In the instant case, Petitioner simply has not met his burden. He has offered no persuasive rebuttal to the state court's finding; rather, he essentially just invites this Court to substitute its own credibility judgments for those of the state court. The Court cannot oblige. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (noting that federal courts do not have "license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by

---

[13] R. Doc. 8-4, pp. 125-127.

them"); *see also Summers v. Dretke*, 431 F.3d 861, 871 (5th Cir. 2005); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

The trial court found that the factual basis of the petitioner's ineffective assistance of counsel claim was without merit because his guilty plea was voluntary and because his counsel did not promise a specific sentence. Per the dictates of the AEDPA, this Court defers to the factual determinations of the trial court and presumes they are correct because the petitioner has failed to overcome the presumption with clear and convincing evidence. After review of the entire record, including the transcripts from the guilty plea[14] and post-conviction proceedings, the Court finds that the trial court's ruling is neither contrary to nor an unreasonable application of federal law. Claim 1 is without merit and should be dismissed.

## Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

---

[14] The trial court noted in its ruling on the voluntariness of the plea that the petitioner stated in open court that he had not been promised anything to plead guilty and had not been coerced, beaten, or threatened in order to plead guilty. Allegations in a habeas petition are insufficient to support a claim of ineffective assistance of counsel based on an unkept promise which contradicts the defendant's own sworn testimony at his plea hearing. *See U.S. v. Cervantes* 132 F.3d 1106, 1110 (5th. Cir. 1998) ("Solemn declarations in open court carry a strong presumption of verity forming a formidable barrier in any subsequent collateral proceedings").

15

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the instant case, the Court finds that reasonable jurists would not debate the denial of petitioner's application or the correctness of the substantive ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed. It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 22, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**